## BROOKLYN CONSOLIDATED MIN. CO. v. PETERSON.

In suit on verbal contract for work and labor, the terms of the contract and the fact and manner of performance being in issue, the jury should be instructed to find what the contract was, and also as to performance, or waiver and modification thereof, without assuming any material fact.

*Appeal from District Court of Clear Creek County.*

PETERSON contracted verbally with the Brooklyn Consolidated Mining Company, through its agent, Fulton, to sink for it a mining shaft and drive a level. The terms of this contract were shown only by the conflicting statements of Peterson and Fulton. Peterson sued on this contract for a balance alleged to be due him, contending that by Fulton's permission work was suspended before full completion. The corporation defended, alleging defective character of the work done, and sought to recoup for work not done. General verdict and judgment for plaintiff, and defendant appeals.

Mr. HUGH BUTLER, for appellant.

Messrs. MORRISON and FILLIUS, for appellee.

STALLCUP, C. The appellee was plaintiff below. The demand was for a balance of $323 on a contract for sinking a shaft sixty-five and a half feet at $8 per foot, and driving a level or drift twenty-five and a half feet at $1 per foot. The contract was not in writing, and there was no witness to its terms. Defendant below was a

corporation, and in making the contract acted by its agent, Major Fulton, whose understanding and statement of the contract and manner of its performance were that the shaft should be sunk sixty-five and a half feet, being seventy feet from the top; that the timbering in the shaft should be four feet apart; that the level or drift should be driven fifty feet; that in the performance plaintiff had put the timbers in the shaft six feet apart, and had driven the level or drift but twenty-five and a half feet, and refused to drive it further. Plaintiff's understanding and statement of the contract and manner of its performance were that he refused to put the timbering in as close as four feet, for the reason that he could not afford it, and that there would be no need of putting the timbers that close; but if it was necessary to so timber the shaft he would so do the work, which was agreed to. As to the level or drift, he was to keep a man on that during the progress of the work on the shaft, and was to run it not exceeding fifty feet; but that he did not agree to run it fifty feet; that as to the performance, he timbered the shaft by placing the timbers six feet apart; that that was all that was needed; that the said Fulton was frequently present and up and down the shaft while it was being done, and made no objection to the timbering; that he kept a man on the level or drift all the time during the progress of the work on the shaft, who worked on the level or drift during that time, except when assisting in the hoisting upon the shaft, and so continued until about one week before the shaft was completed, when he quit the work on the drift or level, with consent of Fulton. It was also disclosed in the evidence that the plaintiff had a lease of fifty feet of this lode, on which the said level or drift was to be driven; that he was to have seventy-five per cent. of all the ore that came out of the level for fifty feet, with the right to stope, etc.; that it was worth $12 a foot to drive said

drift or level.   The work commenced on the contract in February, and continued till in May.  The jury found for the plaintiff for the full sum demanded.

It is argued here upon the part of appellant that, notwithstanding the issues were of fact, and were found in favor of the plaintiff by the jury, such finding was erroneous, and was occasioned by the misleading and erroneous instructions given to the jury by the court, and for such reason the judgment should be reversed.   The first instruction given at the request of plaintiff was as follows:  " The court instructs the jury that if defendant's agent from time to time saw the work done in the shaft, and failed to call attention to it, and determined to let it go, it cannot now be heard to say the contract was not fulfilled in that particular."  The evidence shows that Fulton was in the shaft often during the progress of the work, and said nothing about the manner of sinking or timbering the shaft.   The witness Lees, the foreman of the defendant, testified that he was in the shaft frequently while the work was progressing, and objected to the manner of timbering it five different times, and demanded that the timbers be put but four feet apart; that his demands and objections were disregarded, and that the timbering as done was insufficient.   Fulton testified that when he found fault with work it was to the foreman.   The silence of the agent Fulton could have no effect towards creating an estoppel in the premises, nor a waiver of the terms of the contract relating to the timbering of the shaft; yet, under the instruction, the jury may have considered only the conduct of the agent Fulton, ignoring that of the agent Lees.   The second instruction given at request of plaintiff was as follows:  " The court instructs the jury that this is an action on contract for work and labor done; that plaintiff is entitled to recover if you believe the contract to have been as plaintiff has stated it; and even if you believe the

contract was as stated by defendant, yet if defendant, by its agent, allowed the work to be stopped on the drift some time before the work on the shaft was completed, and until he returned, and failed to return and did not return until the contract was finished in other particu- lars, it amounted to a permission on the part of defend- ant to quit work on the drift." The plaintiff was not entitled to recover according to the contract, even if the contract was as stated by him, unless he had accordingly performed it. Neither was he entitled to recover under the contract as stated by defendant without showing performance, or else waiver of that portion not per- formed; and as to allowing the work on the drift to stop, it is evident that there was permission to suspend work on the drift or level, but the court had no right under the evidence to *assume* that a failure of the agent to re- turn before completion of the shaft would constitute such waiver. Permission to the agent to stop work on the drift until his return, with an intimation that upon ex- amination he might conclude to abandon that part of the work, and the failure of the agent to return in a reason- able time, would authorize a recovery for the work per- formed at the rate specified in the contract. The instruc- tions as given were misleading and erroneous and of a character to prejudice appellant; and while the evidence was sufficient to sustain the verdict, in the absence of erroneous instructions, we cannot say that such instruc- tions did not mislead the jury. These were all the in- structions asked or given for plaintiff; and all those asked for defendant were refused, except one, as follows: "If it was a part of the contract between the plaintiff and defendant that plaintiff should run or extend the drift mentioned the distance of fifty (50) feet, and that he only extended the same the distance of twenty-five feet, or thereabouts, the defendant is entitled to claim by way of counter-claim, as damages the cost of extending the same the remaining distance; and if the same is worth $12 or

$13 per foot, it is entitled to have deducted out of the money in its hands such sum per foot less the contract price of $1 per foot." But the court modified and changed said instruction by adding thereto the following words: "Unless you find from the evidence that the defendant consented to the stopping of the work in the drift."

The jury should have been instructed to find upon the issues what the contract was, and also whether or not there had been performance thereof, or waiver or modification of the terms thereof. Upon this view of the case we deem it unnecessary to consider the instructions asked by defendant and refused.

The judgment should be reversed and the case remanded for a new trial.

RISING and DE FRANCE, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*